Belkin Burden Wenig & Goldman, LLP
Attorneys for Metropolitan Tower Life Insurance Company
Daniel T. Altman, Esq. (DTA 1097)
Joshua Losardo, Esq. (JGL 2976)
270 Madison Avenue
New York, New York 10016
(212) 867-4466 (t)
(212) 867-0709 (f)

---

In re:

Jeffrey Joseph Silverman

        Debtor.

Chapter 7

Chapter 06-10010-ALG

---

## LANDLORD'S RESPONSE & OBJECTION TO DEBTOR'S NOTICE OF COMPLIANCE

Metropolitan Tower Life Insurance Company, the owner and landlord ("Landlord"), of the property known as and located at 449 East 14th Street, New York, New York 10009 ("Building"), files this response and objection to a Notice of Compliance and Intent to Cure Pre-Petition Judgment of Possession Pursuant to 11 U.S.C. §362(b)(22) and 362(l), dated January 13, 2006, and filed by Jeffrey Joseph Silverman, the debtor ("Debtor"). A copy of the Debtor's Notice is attached as Exhibit A. In support of the above, movant shows the following:

### FACTUAL BACKGROUND & RESPONSE/OBJECTION

1. Metropolitan Tower Life Insurance Company, the Landlord, at all times relevant hereto, is and was the owner and landlord of the Building.

2. Debtor is the licensee of apartment 10-A at the Building ("Premises"), who entered into possession of the Premises with the permission of Thomas Rowinski and Maria Rowinski, deceased, the former tenants of record of the subject premises.

3. Thomas Rowinski and Maria Rowinski surrendered possession of the Premises on or about January 31, 2004 pursuant to a written Surrender Agreement.

4. Pursuant to the Surrender Agreement between the Landlord and the former tenants of the Premises, the Debtor's purported right, title and interest to possession and occupancy of the Premises terminated.

5. The Debtor does not, therefore, have any equity in a lease for the Premises.

6. Since the Debtor is not entitled to occupy the Premises, the Landlord commenced a Notice of Petition Holdover Licensee proceeding in the New York City Civil Court ("State Court") under Index No. L&T 59822/2005 entitled *Metropolitan Tower Life Insurance Company v. Jeffrey Silverman and "Jane" Silverman* ("State Court Action").

7. On April 20, 2005, the parties entered into a Stipulation of Settlement of the State Court Action ("Stipulation"). A copy of the Stipulation is attached as Exhibit B.

8. Pursuant to ¶5 of the Stipulation, the Debtor did not claim tenancy rights and the Landlord did not bestow any tenancy rights upon the Debtor.

9. The Stipulation also provided for judgment of possession in favor of the Landlord.

10. The Stipulation also provided for the issuance of a warrant of eviction with the parties agreeing to stay execution of the warrant up to and including April 30, 2006, if the Debtor made timely payments for his use and occupancy of the Premises.

11. On April 29, 2005, a warrant of eviction was issued. (Execution was stayed pursuant to the terms set forth in the Stipulation).

12. If the Debtor defaulted in any payment due under the Stipulation, the warrant of eviction would issue pursuant to the requirements set forth in ¶17 of the Stipulation.

13. Preceding the filing of the instant Chapter 7 Petition, the Debtor failed to make use and occupancy payments for July 2005 through December 2005.

14. On December 8, 2005, the Landlord's attorneys served a four (4) business day Notice to Cure upon the Debtor's attorney pursuant to the requirements set forth in the Stipulation.

15. The Debtor did not make any payment pursuant to the Notice to Cure.

16. On December 27, 2005, a Marshal's Notice of Eviction issued (A copy of the Marshal's Notice of Eviction is attached as Exhibit C).

17. The Debtor was scheduled to be evicted from the Premises on January 6, 2006.

18. On January 4, 2006, (after the warrant of eviction issued), the Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code ("Petition Date").

19. Based upon the foregoing, the Debtor's right to occupy the Premises was terminated prior to obtaining the Order for Relief in this proceeding based upon the following reasons:

- The Debtor does not have a lease to the Premises because the Debtor is merely a licensee; and

- A warrant of eviction issued pre-petition.

### Issuance of Warrant of Eviction Terminated Any Occupancy Rights the Debtor May Have Claimed

20. It is a well settled principal that "Congress has generally left the determination of property rights in the assets of a bankruptcy estate to state law." *In re: Éclair Bakery Ltd.*, 255 B.R. 121, 128 (Bank. S.D.N.Y. 2000); *see also, Butner v. United States*, 440 U.S. 48, 59 L. Ed. 2d 136, 99 S. Ct. 914 (1979).

21. Section 749(3) of the New York Real Property Actions and Proceedings Law ("RPAPL") specifically states, in pertinent part, that the issuance of a warrant of eviction "cancels the agreement under which the person removed held the premises, and annuls the relation of the landlord and tenant." See also, *NYCHA v. Torres*, 61 A.D.2d 681, 403 N.Y.S.2d 527 (1st Dep't 1978).

22. As stated above, the State Court issued a judgment of possession and warrant of eviction pursuant to the Stipulation entered and "so-ordered" in the State Court Action.

23. Where a warrant of eviction issues prior to a debtor's filing for bankruptcy, such filing does not resurrect a lease. *See, In re Hudson, Transfer Group, Inc.*, 245 B.R. 456 (Bankr. S.D.N.Y. 2000); *See aslo, Bell v. Alden Owner's Inc.*, 199 B.R. 451 (S.D.N.Y. 1996); In re: *Éclair Bakery Ltd.*, supra.

24. In this proceeding, even if a lease could be resurrected, since the Debtor has never been a party to a lease agreement, the Debtor is not entitled to a lease and cannot cure any pre-petition default.

25. While RPAPL §749(3) imbues the State Court with the power to vacate a warrant of eviction upon "good cause shown," it has repeatedly been held that the State Court is the appropriate forum for such determination. Furthermore, it has

been held "that the bankruptcy court is not an appropriate forum for relitigating or otherwise negating matters that have been litigated, or agreed to, in State court. *See, In re: Éclair Bakery, Ltd.*, supra. at 139.

26. Even if the Bankruptcy Court retained jurisdiction to determine whether the warrant of eviction should be vacated for good cause, Debtor has no such "good cause" here.

27. The Debtor has never been a tenant pursuant to a lease for the Premises. At all times, the Debtor has merely been a licensee.

28. Apparently, in recognition of his inability to seek vacatur of the warrant or to apply for a further stay of its execution, the Debtor filed this bankruptcy petition in an effort to prevent and/or delay the Landlord from exercising its State law remedies.

29. It has been held that where a warrant of eviction has issued in state court, either pursuant to an order or stipulation, and no motion is pending or likely to be brought to vacate the warrant, "cause" exists for the termination of the automatic stay under 11 U.S.C. 362(d)(1). *See, In re Syndicom Corp.*, 268 B.R. 26 (Bankr. S.D.N.Y. 2001); *In re Éclair Bakery, Ltd., supra.*

30. As demonstrated above, there has never been a landlord-tenant relationship between the Landlord and the Debtor.

31. ¶5 of the Stipulation provided that the Debtor did not claim tenancy rights and the Landlord did not bestow any tenancy rights upon the Debtor.

32. The Debtor is also not permitted to occupy the Premises because he has not made any post-petition payment(s) for use and occupancy.

33. The Debtor's owes $14,326.76 for use and occupancy, $1,500.00 of which is post-petition use and occupancy.

34. The Landlord has filed a Motion to Lift the Automatic Stay. A hearing is scheduled for February 1, 2006, at 10:00 A.M.

## CONCLUSION

35. The Landlord respectfully requests that the Court, if it deems necessary, schedule a hearing as a result of the receipt of this response/objection.

Dated: New York, New York  
January 20, 2006

BELKIN BURDEN WENIG & GOLDMAN, LLP  
Attorneys for  
Metropolitan Tower Life Insurance Company  
270 Madison Avenue  
New York, New York 10016  
(212) 867-4466

By: _____s/_____  
Daniel T. Altman, Esq. (DTA 1097)

-6-