UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                          :      Chapter 7
                                                                :
JEFFREY JOSEPH SILVERMAN,                        :      Case No. 06-10010 (ALG)
                                                                :
                              Debtor.                          :
                                                                :
------------------------------------------------------------x

## MEMORANDUM OF OPINION AND ORDER

The Debtor moves to vacate an order of yesterday's date granting the motion of Metropolitan Tower Life Insurance Company (the "Landlord") for a turnover of rent that was deposited with the Court by the Debtor pursuant to new §§ 362(b)(22) and 362(l)(1)(B) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, effective October 17, 2005.  The order granted the Landlord's application for turnover of the one month rent deposit that the Debtor had paid into Court in his unsuccessful attempt to resist eviction.

The Debtor's papers explain why he was late to the Court hearing at which the Landlord's motion was granted, and they also state that he borrowed the rent payment and would like it back, especially as he has since been evicted.  However, these are not grounds for the relief requested.  The statute does not contemplate return of the funds to the debtor but provides that "[t]he clerk of the court shall arrange for the prompt transmittal of the rent deposited in accordance with paragraph (1)(B) to the lessor."  11

U.S.C. § 362(l)(5)(D).[1] This is consistent with the intent of the statute to protect a landlord from, among other things, post-petition accrual of rent or use and occupancy that is not discharged in a Chapter 7 case but that the landlord may never recover, notwithstanding the fact that the debtor obtains the protection of the automatic stay and post-petition possession of the premises. There is no indication in the record that this Debtor did not accrue post-petition use and occupancy charges at least equal to the one month's rent deposited with the Court, or that he otherwise paid all post-petition rent or use and occupancy to the Landlord.

The Debtor did not timely object to the Landlord's motion for a turnover and has not shown grounds for vacating the order now. The motion is denied.

IT IS SO ORDERED.

Dated:  New York, New York
        March 10, 2006

                                    _/s/ Allan L. Gropper_____
                                    UNITED STATES BANKRUPTCY JUDGE

---

[1] The Court has adopted General Order M-311 implementing §§ 362(b)(22) and 362(l)(1)(B). It provides rules governing a debtor's compliance with § 362(l)(1) and provides further that the Clerk shall send notice of the deposit to the landlord, who shall have the option, exercisable within 10 days of the date of the notice, to consent to receive the check or to object to the debtor's certification, "which objection shall constitute a request for a hearing." The Landlord here objected to the certification, requiring a hearing.